**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **MELANIE BRADY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CIVIL ACTION NO. **3:15CV-853-DJH** |
| | ) |
| **MIDLAND CREDIT MANAGEMENT,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Midland Credit Management, Inc. ("MCM"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, gives notice of the removal of this action from the Marion District Court, Marion County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.  As grounds in support of this removal, MCM states as follows:

**I. INTRODUCTION**

1.      Plaintiff Melanie Brady ("Plaintiff") commenced this action by filing a complaint against MCM in the Marion District Court, Marion County, Kentucky, Case No. 15-C-386 on or about October 29, 2015.

2.      Plaintiff's complaint asserts claims against MCM relating to alleged improper collection of a debt.  [*See generally* Compl.]

3.      Based on these allegations, Plaintiff attempts to assert federal claims against MCM under the Fair Debt Collection Practices Act ("FDCPA").  [*Id.*]

4.      This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.      This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting claims against MCM based upon alleged violations of the FDCPA, which is a federal consumer protection statute.  [*See* Compl.; *see also* 15 U.S.C. §§ 1692 *et seq.*]  Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

## III. ADOPTION AND RESERVATION OF DEFENSES

7.      Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of MCM's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3)

insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV. PROCEDURAL REQUIREMENTS

8.      This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

9.      True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon MCM to date in this case.

10.     This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446, as MCM was served with process on November 5, 2015.

11.     MCM has heretofore sought no similar relief.

12.     The United States District Court for the Western District of Kentucky, Louisville Division, is the court and division embracing the place where this action is pending in state court.

13.     Contemporaneously with the filing of this notice of removal, MCM has filed a copy of same with the clerk of the Marion District Court, Marion County, Kentucky and a notice of filing notice of removal.  Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

14.     MCM reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, MCM prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Marion District Court, Marion County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted this 25th day of November, 2015.

*/s/ Reid S. Manley*
Reid S. Manley
Kentucky Bar No. 90360
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

26064863 v1

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 25th day of November, 2015:

James H. Lawson
*Lawson at Law, PLLC*
115 Sherrin Avenue, Unit #4
Louisville, KY 40207
Phone: (502) 473-6525
james@kyclc.com

*/s/ Reid S. Manley*
OF COUNSEL