Commonwealth of Kentucky
Marion District Court
Case No. 15 C 384
Div. _____

FILED

Melanie Brady

PLAINTIFF

v.

**COMPLAINT**

Midland Credit Management, Inc.
Serve:

Corporation Service Company
2900 SW Wanamaker Dr.
Suite 204
Topeka, KS 66614

DEFENDANTS

* * * * *

## INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Defendant Midland Credit Management, Inc. ("MCM") violated the FDCPA by falsely representing the amount of a debt, by extra-judicially attempting to collect interest or fees from Plaintiff Melanie Brady that it had no legal right to recover from her, and by threatening to sue her on a time-barred debt. In particular, MCM sent Ms. Brady a series of dunning letters on behalf of Midland Funding, LLC in an attempt to collect a credit card debt originated by HSBC Bank Nevada, N.A. These letters falsely represented the amount of the debt by adding accrued interest on the debt that neither MCM nor Midland had any legal right to collect from Ms. Brady. The last two of these letters expressly threatened litigation against her. But collection of the underlying credit card debt was barred by the applicable statute of limitations.

EXHIBIT
A

## PARTIES

3. Plaintiff Melanie is a natural person who resides in Marion County, Ky. Ms. Brady is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Midland Credit Management, Inc. is a Kansas for-profit corporation, which is not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other legal entities, including Midland Funding, LLC. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5. MCM is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

## BACKGROUND

6. On May 15, 2013, MCM sent Ms. Brady a dunning letter of Midland Funding, LLC in an attempt to collect a charged-off credit card debt originated by HSBC Bank Nevada, N.A.

7. Upon information and belief, the HSBC credit card account was used solely for personal, family, and/or household purposes, which makes the HSBC credit card debt a "debt" within the meaning of the FDCPA.

8. MCM's May 15th dunning letter falsely represented that $1,076.26 was the amount due on the debt.

9. Upon information and belief, the amount of the HSBC credit card debt represented by MCM in the May 15th dunning letter was false because the amount included accrued interest to which neither MCM nor Midland had any legal right to collect from Ms. Brady.

10. MCM sent Ms. Brady at least two more dunning letters on behalf of Midland in an attempt to collect the same HSBC credit card debt: one dated May 15, 2015 and the other dated May 29, 2015. Both of the May 2015 letters also falsely represented the amount the HSBC debt to

-2-

be $1,076.26.

11. Both of MCM's May 2015 letter also threatened to sue Ms. Brady to collect the HSBC credit card debt.

12. The applicable statute of limitations barred collection of the HSBC credit card debt.

13. HSBC was a national bank headquartered in Las Vegas, Nevada.[1]

14. Upon information and belief, neither MCM nor Midland possessed a copy of the underlying HSBC credit card agreement when it sent any of the dunning letters to Ms. Brady.

15. The statute of limitations for the collection of credit card debt under Nevada law is four years from the date the creditor's cause of action accrued. Nev. Rev. Stat. Ann. § 11.190(2).

16. The statute of limitations for the collection of credit card debt under Kentucky law is five years. *See Conway v. Portfolio Recovery Assocs., LLC*, 13 F. Supp. 3d 711, 715 (E.D. Ky. 2014); *Fulk v. Midland Funding LLC*, 55 F. Supp. 3d 967, 972 (E.D. Ky. 2014).

17. HSBC's cause of action against Ms. Brady accrued in Nevada. *Conway, supra.*

18. MCM and Midland's rights against Ms. Brady, if any, derive from HSBC's rights against Ms. Brady.

19. So MCM and Midland's cause of action against Ms. Brady accrued in Nevada.

20. Pursuant to Kentucky's borrowing statute, KRS 413.320, Nevada's statute of limitations applies to HSBC's claim against Ms. Brady, if any.

21. So MCM and Midland's cause of action against Ms. Brady is subject to Nevada's four-year statute of limitations.

22. The last payment on the HSBC account was made on or before March 20, 2011.

---

[1] https://research.fdic.gov/bankfind/detail.html?bank=33863&name=HSBC%20Bank%20Nevada,%20National%20Association&searchName=HSBC%20BANK%20NEVADA,%20NATIONAL%20ASSOCIATION&searchFdic=&city=&state=&zip=&address=&searchWithin=&activeFlag=&tabId=1

23. HSBC's cause of action on the credit card account at issue and against Ms. Brady accrued no later than April 2011, when the next payment was due on the account.

24. So MCM and/or Midland's cause of action against Ms. Brady accrued no later than April 2011.

25. Consequently, MCM's May 2015 dunning letters threatened to file suit against Ms. Brady to collect a time-barred debt from her.

26. Filing suit on a time-barred debt violates the FDCPA. *See e.g. Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987) (violations of sections 1692f and 1692e where debt collector brought suit on time-barred debt); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Jenkins v. Gen. Collection Co.*, 538 F. Supp. 2d 1165, 1172 (D. Neb. 2012); *Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 302-03 (E.D.N.Y. 2008); *Dunaway v. JBC Assocs., Inc.*, 2005 WL 1529574, at *4 (E.D. Mich. June 20, 2005); *Goins v. JBC & Assocs. P.C.*, 352 F. Supp. 2d 262 (D. Conn. 2005); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330 (D.N.M. 2000); *Lashbrook v. Portfolio Recovery Assocs., LLC*, 2013 WL 4604281, at *8 (E.D. Mich. Aug. 29, 2013).

27. Consequently, threatening to sue to collect a time-barred debt likewise violates the FDCPA.

### Claims for Relief: Violations of the Fair Debt Collection Practices Act

28. The foregoing acts and omissions by Midland Credit Management, Inc. constitute violations of the FDCPA including but not limited to violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute by falsely representing the amount of the HSBC debt, by attempting to collect accrued interest from Ms. Brady that neither MCM nor Midland had any legal right to collect from her, and by threatening to file suit against Ms. Brady to collect a debt that was barred by the applicable statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Melanie Brady requests that the Court grant her the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

James H. Lawson
Lawson at Law, PLLC
115 S. Sherrin Ave.
Unit #4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com

-5-

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Brady v. MCM    15-c-00 388

Midland Credit Management, Inc.
C/o Corporation Service Company
2900 SW Wanamaker Dr., Suite 204
Topeka, KS 66614

2. Article Number (Transfer from service label)

7013 0600 0002 3677 0475

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Houza Hutchins   11/5

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery

   ☐ Priority Mail Express
   ☐ Registered Mail
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt